**William S. Harris, State Bar No. 90341**
**LAW OFFICES OF WM. S. HARRIS**
**1499 Huntington Drive, Suite 403**
**South Pasadena, CA 91030**
**(626) 441-9300 - Phone**
**(626) 441-9301 - Fax**
**BillHarrisEsq@aol.com**

**Attorney for Defendant**
**SAI KEUNG TIN**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAI KEUNG TIN,<br><br>    Defendant. | Case No. CR 24-161-JLS-1<br><br>SENTENCING SUPPLEMENT OF DEFENDANT SAI KEUNG TIN<br><br>DATE: March 14, 2025<br>TIME: 9:30 A.M.<br>CTRM: 8A |

Defendant Sai Keung Tin (Tin), by and through his counsel of record William S. Harris, hereby submits the following additional documents for the Court's consideration at his sentencing hearing scheduled for March 14, 2025:

- Exhibit A, employment agreement, building manager, Savills Company, April 7, 2020;
- Exhibit B, training certificate, catering safety, Occupational Safety & Health Council, June 6, 2018;
- Exhibit C, employment agreement, assistant manager, Isola Bar & Grill, February 1, 2018; and

-1-

- Exhibit D, temporary employment contract, banksman, Chun Wo E & M Engineering Ltd., June 26, 2023.

DATED:  February 25, 2025          Respectfully submitted,

                                   **LAW OFFICES OF WM. S. HARRIS**


                                    By_____*William S. Harris*_____

                                   **Attorney for Defendant**
                                   **SAI KEUNG TIN**

Wsh\5771\sentencing supplement

# EXHIBIT A

# 第一太平戴維斯物業管理有限公司

## 僱傭合約

密函

日期 : 2020 年 4 月 7 日   Date: April 7, 2020

致 : 田世強 (Tin Sai Keung)_____ *先生／女主

<香港身份証號碼  G900266(8)>_____

Job title: Building Manager

閣下最近應徵面試_____大廈管理員_____一職,現謹代表第一太平戴維斯物業管理有限公司聘請 閣下。

　　公司與 閣下的賓主關係,受公司不時公佈的政策所規限。下列為 閣下之受聘條款,請仔細閱讀。若 閣下接受下列條款,請簽署並交回本函副本,以茲確認。

Starting from April 8, 2020

(一)　履任日期　　: 由___2020___年___4___月___8___日開始。

(二)　基本薪金　　: 每月港幣_____12,800.00_____元正。 Salary HK$

(三)　花紅　　　　: 僱員可能會獲發放賞贈性質的花紅。公司有絕對酌情權發放花紅與否及款額。

(四)　工作時間　　: 工作時間為每週工作 6 天,每天工作 9 小時。閣下必須輪　　及地點　　　班工作,輪班工作時間表及地點由所屬經理安排。因應公司業務運作需要,公司有權隨時修改 閣下之工作時間及地點而無須事先通知,但在可能情況下會盡早知會閣下。如遇緊急情況或懸掛 8 號或以上颱風訊號,閣下必須如常當值或盡快返回工作崗位,以便處理任何突發性事故。

##Contract##

| | | | |
|---|---|---|---|
| (五) | *超時工作 | : | 公司一般不鼓勵超時工作。但因工作需要而無可避免，並由所屬經理授權而超時工作，閣下可獲超時工資。超時工資以基本時薪 1:1 計算。 |
| (六) | 休息日 | : | 閣下每週可享有一天無薪休息日。 |
| (七) | 有薪年假 | : | 閣下可享有香港《僱傭條例》中有關有薪假的日數。年假必須於所享有之年度內放畢。 |
| | | | 終止僱傭合約時假期年少於三個月者，年假計算方法會根據香港《僱傭條例》相關條文處理。 |
| (八) | 病假 | : | 根據香港《僱傭條例》中有關病假津貼的條文處理。 |
| (九) | 法定假期 | : | 閣下連續受僱滿3個月後，可享有有薪法定勞工假期。如閣下需於法定假日工作，則會被安排在假期之前或後六十日內補假。 |
| (十) | *醫療計劃 | : | 閣下成功完成試用期後之首日起，將受公司之醫療計劃保障，保費由公司支付。《詳情請參閱僱員福利手冊》 |
| (十一) | *人壽及人身意外保險 | : | 閣下成功完成試用期後之首日起，將受公司之人壽保險計劃保障。保額為閣下每月基本薪金之三十六倍。此外閣下亦會受公司之人身意外保險保障。保額為 閣下每月基本薪金之三十六倍。《詳情請參閱僱員福利手冊》 |
| (十二) | 強積金 | : | 閣下會參與本公司之強制性公積金計劃。《詳情請參閱僱員福利手冊》 |
| (十三) | 退休年齡 | : | 本公司制定之退休年齡為六十五歲，閣下需於六十五歲生辰當天退休。 |
| (十四) | 試用期 | : | 受僱首 ②個月為試用期。 |
| (十五) | 終止合約 | : | 公司或僱員可終止僱傭合約如下：－<br>(1) 受僱首月；毋須通知期；<br>(2) 試用期內第二個月開始：<u>一星期書面通知或代通知金</u>；<br>(3) 書面證實試用期滿後：<u>一個月書面通知或代通知金</u>。 |

倘僱員有下列行為，公司可終止僱傭合約而毋須給與通知期或支付代通知金：－
(1) 蓄意不服從合法和合理指令；
(2) 瀆職；
(3) 犯有欺詐及不誠實行為；
(4) 經警告後仍疏忽職守；
(5) 違反香港法例或公司政策；
(6) 違反聘用規則及條件；
(7) 發表任何聲明或作出任何行為，令公司公眾形象或利益受損；或
(8) 從事與公司有競爭性之業務或任何活動影響公司正常業務運作。

《詳情請參閱大廈僱員手冊之工作紀律條款》

*如僱員所持之保安人員許可證一旦被香港警務處牌照課吊銷，本公司可在收到有關通知即時終止　閣下之僱傭合約而毋須給予通知期或支付代通知金。

僱員於離職當天必須即時呈交所有在職時所持有、監管或處理的公司及/或集團財物。

(十六)　私人利益　：　所有僱員應注意香港《防止賄賂條例》第九章的條文。除此合約訂明之薪金及福利，僱員收受與工作有關之任何形式之禮物、報酬及利益之前，必須獲得管理層之批准。《詳情請參閱大廈僱員手冊之收受私人利益指引》

(十七)　公司制服　：　制服由公司負責供給。僱員必須於離職當天將制服交回直屬主管。倘若僱員未能交回制服，公司將從僱員最後一期薪金中扣除有關款項。

(十八)　員工行為守則　：　所有僱員必須遵守公司之「職員行為守則」《詳情請參閱大廈僱員手冊》。僱員若違犯「守則」之內容將被紀律處罰或因情況而被刑事起訴。

(十九)　保密資料　：　閣下就此保證不會於在職期間或離職後向任何人洩露、傳遞或利用其受僱期間知悉關於公司及集團之任何商業秘密或機密資料，但在正當情況下履行職務而披露者則不在此限。"機密資料"包括所有非公開之有關公司及/或集團資料。

| | | | |
|---|---|---|---|
| (二十) | 銀行戶口 | : | 請提供 閣下之銀行戶口資料，以便安排 閣下之薪金自動轉賬到指定之戶口內。 |
| (二十一) | 個人資料保護 | : | 閣下就此同意公司在聘用及僱傭期間所獲得的 閣下個人資料可使用作人事管理用途，並同意公司處理其資料及交予其他公司集團成員，或其他與公司有合約關係的公司(包括業主立案法團)，作為履行服務合約或有關法例之用。《有關資料收集用途及使用請參閱大廈僱員手冊》。 |
| (二十二) | 更改合約條款 | : | 此僱傭合約訂明本公司聘用 閣下之條款。本公司保留權利去修改現行之政策及制度。若日後以上條款有任何修改，本公司將以書面通知 閣下。 |

　　閣下必須在受僱日期前出示有效之工作簽證／有效之香港居民身份証*及保安人員許可證。另外，閣下必須符合與公司沒有利益衝突條件下，此合約方可生效。

　　現謹代表第一太平戴維斯物業管理有限公司歡迎 閣下即將成為公司一份子，我們深信必會合作愉快，並共同分享工作成果。如有任何疑問，請即向人力資源部的職員查詢。

謹代表  
第一太平戴維斯物業管理有限公司  
簽發合約

本人同意並接受以上條款：

姓名：　潘梓蕙（高級主任，人力資源部）　　姓名：　田世強  
日期：　2020 年 4 月 7 日　　　　　　　　日期：　7 APR. 2020

＊請刪去不適用者  
備註：以上一切內容以英文版為準。  
香港英皇道 1111 號太古城中心第 1 期 805-13 室　電話：2534 1688　傳真：2851 0946

# EXHIBIT B

## 職業安全健康局
## OCCUPATIONAL SAFETY & HEALTH COUNCIL

茲 證 明

### 田世強

於二零一八年六月六日
完成一項由本局主辦之

### 飲食業工作安全

並授予乙張

### 培訓證書

This is to certify that

### TIN SAI KEUNG

has completed a training course
on 6 June 2018
conducted by this Council on

### Catering Safety

and has been awarded a

### Training Certificate





Bonnie YAU  游雯
Executive Director  總幹事
6 June 2018

(CA18BS0302837)

# EXHIBIT C

## Employment Agreement

THIS AGREEMENT is made on the **1st day of February, 2018** between

(1)  Isola Bar & Grill Limited whose principal office is at 15th Floor, Seaview Commercial Building, 21-24 Connaught Road West, Hong Kong ("the Company" or "IBG") and

(2)  **TIN Sai Keung** (HKID Card Number: **G900266(8)**) ("the Employee").

IT IS AGREED AS FOLLOWS:-

1. **EMPLOYMENT**

    The Employee will be employed by the Company as **Assistant Manager** and the Employee will expect to report for duty on **1st day of February, 2018** ("the Effective Date"). The Employee's employment will begin on "the Effective Date" and will continue, subject to the terms of this Agreement, until determined by either party giving to the other the following notice:

    (1) During the 1st month of probation period: This Agreement may be terminated on immediate notice;

    (2) During the 2nd & 3rd month of probation period: This Agreement may be terminated on seven (7) days' notice;

    (3) At any time thereafter: This Agreement may be terminated on one (1) month's notice

    The probation period of this employment shall be <u>three (3)</u> months from the Effective Day of this Agreement.

    The Company may at any time after the Effective Date terminate this Agreement without notice or payment to the Employee of wages in lieu of notice as provided for in clause 5.3, 5.5 and 5.6.

2. **REMUNERATION**

    2.1   Basic Salary
    During the continuance of the Employee's employment the Employee will be entitled to a salary at the rate of **HK$22,000.00** per month.

    2.2   Discretionary Bonus
    The Company may pay the Employee a discretionary bonus at a certain period of time during the year. The payment of the bonus is at the sole discretion of the Company.

3. **EMPLOYEE BENEFIT ENTITLEMENT**

The Company will offer medical insurance to the Employee after completion of one (1) year of service, details of it will be advised at the appropriate time.

The Company reserves the right to withhold the payment of any outstanding remuneration or expenses under this or any other agreement if the Employee is in breach of clause 5.5.1, 5.5.2, 5.5.3, 8 & 10. The Company will withhold or deduct the Employee one (1) working day's salary from his remuneration, expenses or any monies due from the Company subject to clause 6 and 7 for each day of unauthorised absence.

4. **LOCATION**

The Employment will be based in our restaurant, but the Company may require the Employee to work at such other locations or offices within Hong Kong on a temporary or permanent basis as the Company shall from time to time direct. The Company may also require the Employee to perform duties in other overseas locations on a temporary or occasional basis.

5. **DUTIES DURING THE EMPLOYMENT**

   5.1. The Employee will comply in all respects with directions given by or under the authority of the board of directors of the Company, and will use his best endeavours to promote the interests of the Company, its parent, subsidiaries and affiliated companies (within the meaning of the Companies Ordinance) and will at all times comply with the Company's Code of Conduct from time to time, a copy of the version in force at the date of this Agreement will be provided to the Employee.

   5.2. The Employee will not during the term of this Agreement and at any time thereafter disclose, for his own benefit or for that of any other person interest, benefit and otherwise any confidential information which he in any way acquires concerning the business, affairs and products of the Company, its parents, subsidiaries, affiliated companies, any of its customers, prospective customers and former customers and for the purposes of this sub-clause the term "prospective customer" shall mean such persons, firms, companies or other bodies as the Company has actively solicited within the preceding 12 months period.

   5.3. The Employee shall not from the Effective Date and during the continuance of this Agreement be engaged or interested either directly or indirectly in any business or occupation without the Board's approval other than the business of the Company and its subsidiaries and associates.

   5.4. References in this clause 5.3 to "directly or indirectly" include, without limitation, the Employee acting alone, or jointly with or through any other person.

   5.5. The Employee shall not during the employment (otherwise than in the proper performance of his duties and then only to those whose province it is to know such information or secrets) or

5.5.2. cause or facilitate any unauthorised disclosure of any of them by failure to exercise all due care and diligence; or

5.5.3. make use of (other than for the benefit of the Company):

(a) Any trade secrets or confidential, technical or commercial information of the Company or its customers which may have come to his knowledge during his employment with the Company or in respect of which the Company is bound by an obligation of confidence (whether express or implied) to any third party. The Employee shall also during the employment use his best endeavours to prevent the publication or disclosure of any such information or secrets. The restrictions in this paragraph shall not apply after the employment has ceased, to information which has become available to the public generally otherwise than through unauthorised disclosure, or so as to prevent the Employee from using his personal skills in any business in which he may be lawfully engaged after the cessation of the Appointment.

(b) All notes, memoranda, and other writings and records (including those contained in magnetic media or other forms of computer storage) made by the Employee in the performance of his duties and relating to the business of the Company shall be and remain the property of the Company and shall promptly be handed over to the Company (or as the Company shall direct) from time to time. Furthermore, upon the cessation of the Appointment the Employee shall immediately deliver up to the Company, without keeping copies, all original and copy materials, programmes, equipment, documents and other property belonging to the Company or its customers or received or obtained by him in connection with the Appointment and which may be in his possession or under his control.

Company property does not include information, notes memoranda, and other writings and records (including those in magnetic media or other forms of computer storage) created by the Employee prior to his employment with the Company whether or not such information is utilised during such employment.

5.6. The parties consider the restrictions set out in this clause 5 to be reasonable. However, if a court of competent jurisdiction finds any of them to be unenforceable, the parties agree to accept any modification as to the area, extent or duration of the restrictions which the court may impose.

6. **HOLIDAYS**

6.1. The Employee shall be entitled to the statutory holidays stipulated in the Employment Ordinance (chapter 57 of the Laws of Hong Kong). Where the Employee is required to work

12   Any notice to be given under this Agreement will be in writing and will be deemed to be sufficiently served by one party on the other if it is delivered personally or is sent by registered post and addressed to the party to whom it is to be given, in the case of the Employee at his last known residence and in the case of the Company at its registered office, and any such notice if so posted will be deemed to have been served on the day (excluding Sundays and public holidays) following that on which it was posted.

13   **STATEMENTS AND FURTHER ASSISTANCE**
　　　After the cessation of the Appointment the Employee:-

(a)   shall not at any time make any untrue or misleading statement about the Company or its officials or employees or represent himself as being employed by or connected with the Company; and

(b)   agrees to co-operate with the Company by providing such reasonable assistance as may be required in connection with any claim made by or against the Company, where it considers that the Employee has knowledge or information which is relevant to such claim. The provision of such assistance shall include attending meetings, giving and signing statements and attending hearings. The Company shall reimburse the Employee for his reasonable out of pocket expenses and reasonable compensation for loss of earnings incurred in providing such assistance.

14   This Agreement shall be governed by and construed in accordance with the laws of Hong Kong and the parties agree to submit to the non-exclusive jurisdiction of the Hong Kong courts.

15   Reference to masculine gender shall include the feminine.

If these terms and conditions of employment are agreeable to you, please sign and return a copy of this agreement signifying your acceptance of the position of the terms and conditions offered.

Yours sincerely,
For and on behalf of
Isola Bar & Grill Limited                                                                Accepted and signed by:

_____                                                          _____
Karen Ko                                                                                             TIN Sai Keung

6.2. The Employee shall (in addition to statutory holidays) be entitled to _____ annual leave upon completion of nine (9) months with the company and thereafter, in accordance with his pay during completion of nine months service with the company and thereafter, in accordance with the labour ordinance.

All new employees should complete three months of employment before they are eligible for annual leave. Employees who join the company during the year will have their leave pro-rated to the nearest day based on their eligibility. The arrangement of annual leave will be decided and agreed by both the Company and the Employee.

All employees are to use their leave in the actual year of entitlement. Unutilized leave will be forfeited on the 1st of January, unless approval to carry forward is obtained from the General Manager. Cash payments in lieu of leave during employment are not permitted.

6.3 On the cessation of the employment, the Employee shall be entitled to holiday pay in lieu of holiday accrued due but not yet taken. The Company reserves the right to deduct a day's pay for each day taken in excess of the Employee's entitlement.

7 **SICK LEAVE**

The employee must notify his manager as early as possible due to sickness or emergency. Upon returning to work, the Employee must fill out a leave form for approval by his manager. For all sick application, a medical certificate issued from a registered medical doctor must be attached in support of the claim for sick leave entitlement.

8 **MEDICAL LEAVE**

A medical leave of absence may be granted by your manager for a work absence needed because of injury, illness or maternity. During a medical leave, the company will continue to provide health insurance coverage for the employee.

9 **HOUR OF WORK**

Working hours will be assigned to you by the Company or whoever he delegates his responsibilities to. The employee may be required to perform additional duties and to work on such days and for such hours as to be considered necessary. The employee is expected to expend the time and energy necessary to achieve the results required by his position.

10 **TERMINATION**

Either party will be entitled to terminate this Agreement after the Effective Date by giving notice in accordance with clause 1. The Company will be entitled to immediately terminate the employment of the Employee without notice if the Employee

(a) commits a serious or persistent breach of any term of this Agreement
(b) is guilty of conduct tending to bring the Employee or the Company into disrepute, or
(c) is shown to be involved in any illegal manufacture, sale, possession, use or distribution of

# EXHIBIT D

Chun Wo E & M Engineering Ltd.

# DAILY PAID TEMPORARY EMPLOYMENT CONTRACT

Date: _____

| 姓名 NAME | Tin Sai Keung | 香港身份證號碼 HK I/D NO | G900266 (8) |
|---|---|---|---|
| 職位 POSITION | Banksman | 每一工作日薪金 BASIC SALARY / DAY | HK $1,000.00 |
| 履職日期 COMMENCEMENT DATE | 26 June 2023 | 每一工作日津貼 BASIC ALLOWANCE / DAY | HK $50.00 |

本人願意接納以下所列之僱傭條款:
Employee is willing to abide by the employment terms & conditions as listed below:

1. **工作時間 / Working Hours**
   星期一至六 / Monday to Saturday — 上午八時至下午六時正 / 8:00 a.m. to 6:00 p.m
   午膳時間 / Lunch Time — 中午十二時至下午一時 / 12:00 noon to 1:00 p.m.

2. **試用期 / Probationary Period**
   一個月 / 1 month

3. **終止合約所需之通知期 / Termination of Employment**
   於試用期內 / Within the 1st month of probation — 一天通知期或代通知金 / 1 day notice or payment in lieu of notice
   於試用期後 / After probation — 七天通知期或代通知金 / 7 days notice or payment in lieu of notice

   倘若僱員因故意不服從公司或地盤主管之合法而又合理的命令; 行為不當, 與正當及忠誠履行職責的原則不相符; 犯有欺詐或不忠實行為; 或慣常疏忽職責, 則公司無需事先通知及給於任何款項代替通知期, 即可終止合約。
   The Company may dismiss the employee without notice or payment in lieu of notice if the employee in relation to his/her employment:
   (i) willfully disobey a lawful and reasonable order instructed by the Company or project manager;
   (ii) misconduct yourself, such conduct being inconsistent with the due and faithful discharge of your duties;
   (iii) is guilty of fraud or dishonesty; or are habitually neglectful in your duties.

4. **休息日 / Rest Days**
   如遇任何緊急事故, 地盤經理可要求僱員在地盤休息日工作。
   For the case of any unforeseen emergency, project manager may request the employee to work on a rest day.

5. **有薪年假 / Annual Leave**
   僱員按連續性合約受僱滿 12 個月, 便可享有《僱傭條例》中訂明之 7 天有薪年假, 如僱員受僱滿三個月但不足十二個月, 除因犯嚴重過失而遭即時解僱外, 可獲發按比例計算的年假。而僱員在當年享有的有薪假期, 不得累積至新一年度。
   Upon completion of one year's service with the Company, the employee will be entitled to the paid 7 Days annual leave according to the schedule being stipulated in the Employment Ordinance. Annual leave shall not be accumulated and carried forward to next year or reimbursed.

6. **法定假期 / Statutory Holidays**
   依照法定勞工假期休息, 公司有權更改休假日期, 並依照勞工法例規定補假。如僱員在未受僱滿三個月離職或被公司解僱, 則公司有絕對的酌情權扣減或追討已付的假日薪酬。
   The employee will be entitled to Statutory Holidays according to the Employment Ordinance. The Company shall have the absolute discretion to deduct and/or set off the holiday pay paid to the Company from any subsequent wages payable to you or to claim for repayment by you of such holiday pay if your employment is terminated within 3 months from the date of commencement of employment, whether by you or the Company pursuant to the terms hereof.

此日薪僱傭合約為臨時性質, 而當僱員及項目經理/地盤主管簽署後, 此約便即產生法律效力。而日薪臨時僱傭合約將會由人力資源部經理簽發的正式僱傭合約所取代。
The Daily Paid Temporary Employment Contract will be legally bound after signing by both the employee & Project Manager/Site Representative. The Daily Paid Temporary Employment Contract should be replaced by the formal contract which will be signed and issued by Human Resources Manager of the company.

以上條件如無異議, 請在下款簽署確認同意受聘。
Please signify your acceptance of this offer on the above terms and conditions by signing this Agreement.

| 簽名: Signature: _____ | 簽名: Signature: _____ |
|---|---|
| 姓名: Name: Andy Chan | 姓名: Name: TIN SAI KEUNG |
| 項目經理 / 地盤代表 Project Manager / Site Representative | 受僱人 Employee |
| | 日期: _____ |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Teresa Mac Millan, am a resident of/employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is: 1499 Huntington Drive, Suite 403, South Pasadena, California 91030.

On February 25, 2025, I served the foregoing **SENTENCING SUPPLEMENT OF DEFENDANT SAI KEUNG TIN** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Ms. Claudia A. Velasquez
U.S. Probation and Pretrial Services Officer
255 East Temple Street, Suite 1410
Los Angeles, CA 90012

☒ (BY MAIL) I caused such envelope with postage thereon fully paid to be placed in the United States mail at South Pasadena, California.

☒ (FEDERAL) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 25, 2025                        /s/
                                                     Teresa Mac Millan