**William S. Harris, State Bar No. 90341**
**LAW OFFICES OF WM. S. HARRIS**
**1499 Huntington Drive, Suite 403**
**South Pasadena, CA 91030**
**(626) 441-9300 - Phone**
**(626) 441-9301 - Fax**
**BillHarrisEsq@aol.com**

**Attorney for Defendant**
**SAI KEUNG TIN**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br><br>**Plaintiff,** )<br><br>vs. )<br><br>**SAI KEUNG TIN,** )<br><br>**Defendant.** )<br>_____ ) | **Case No. CR 24-161-JLS-1**<br><br>**SENTENCING REPLY OF DEFENDANT SAI KEUNG TIN**<br><br>**DATE:  March 14, 2025**<br>**TIME:   9:30 A.M.**<br>**CTRM: 8A** |

Defendant Sai Keung Tin (Tin), by and through his counsel of record William S. Harris, hereby files his reply to the government's sentencing position and exhibits filed on February 28, 2025.  Dkt. 41.  For the reasons further explained below, the Court should impose a sentence of one year and one day of incarceration, followed by one year of supervised release, payment of a $400 special assessment, and no fine.

This sentencing memorandum is based on the attached memorandum of points and authorities, the files and records in this case, the presentence report, the probation officer's disclosed recommendation letter for a below-guideline

sentence, and such further documents, evidence and argument as the Court may receive at the time this matter is heard and argued.

**DATED:  March 4, 2025**            **Respectfully submitted,**

**LAW OFFICES OF WM. S. HARRIS**


**By**_____*William S. Harris*_____

**Attorney for Defendant**
**SAI KEUNG TIN**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    INTRODUCTION**

The U.S. Probation Officer has recommended a guideline variance sentence of 30 months.  Dkt. 37 and 38.  Tin has recommended a guideline variance sentence of one year and one day.  Dkt. 39.  The government has recommended a guideline sentence of 37 months to 46 months.  Dkt. 41.

A sentence of 37 months to 46 months is "greater than necessary" to fully achieve the statutory objectives of sentencing.  Moreover, a sentence of 37 months to 46 months would cause unwarranted sentence disparity with the 38-month sentence imposed on the organizer Kang Juntao, and with the relevant average sentences of 15.1 months imposed in the other six relevant turtle smuggling cases identified by the government.

As explained below, the Court should impose a sentence of one year and one day of incarceration as indicated and as required by the controlling parsimony clause.

**2.    ARGUMENT**

    **A.    A Sentence of One Year and One Day is Minimally Sufficient to Achieve the Four Statutory Objectives of Sentencing.**

The government makes brief reference to the controlling parsimony clause in its sentencing position.  Government Position, Page 9.  But then the government does not apply the clause.  If the parsimony clause means anything, it requires the government to prove by a preponderance that there is no sentence anywhere between 37 months and 12 months which would still achieve the four statutory sentencing objectives.  The government has not carried this burden.

The U.S. Probation Officer has recommended a downward variance of seven months.  Dkt. 37.  The government does not mention that recommendation for a variance.  In other words, the U.S. Probation Officer believes that a guideline sentence is not *minimally* sufficient on the facts and circumstances of Tin's case.

-3-

A sentence of one year and one day is sufficient to achieve the four statutory sentencing objectives.

As for *just punishment*, a year in federal prison for a nonviolent first-time offender, who harmed no victim, who did not harm the environment or the Appendix II turtle species in question, and who caused no monetary loss, is just and sufficient punishment.

As for *specific deterrence*, a year in federal prison is more than sufficient. Tin's sentencing letter makes it clear that he has learned a painful lesson and will have nothing more to do with turtle trafficking when he returns to Hong Kong.

As for *deterrence of others*, one year and one day sends a sufficient message considering the other six turtle smuggling sentences identified by the government. Government Position, Pages 18-19. The average sentence imposed in those six cases is 15.1 months. That excludes the outlier Louisiana case of 41 months where the defendant had a prior conviction for selling turtles. Those six relevant cases sent a sufficient message to deter others, and a sentence for Tin of one year and one day will do the same.

As for *incapacitation*, Tin does not need to be locked up to protect the public from future crimes. This factor is closely related to specific deterrence, and it is clear that Tin has now learned his lesson as noted above.

And as for *rehabilitation*, this last year in federal prison has provided Tin with ample time to reflect on the consequences of his offense conduct and to resolve to do better going forward. Any incarceration beyond one year and one day will unnecessarily delay Tin's return to Hong Kong and to the construction trade.

A sentence of one year and one day is sufficient but not greater than necessary to achieve the four statutory sentencing objectives.

**B.    A Sentence of One Year and One Day Will Avoid Unwarranted Sentencing Disparity with Kang Juntao and the Other Turtle Smuggling Defendants Identified by the Government.**

The guidelines aspire to avoid sentencing disparities among similarly-situated defendants who engage in similar criminal conduct.  18 U.S.C. § 3553(a)(6).  But while similar offenders who engage in similar conduct should be sentenced equivalently, it is also the case that disparate sentences are not only authorized but indeed required where the disparity is justified by the facts on the record.

There is no way that Tin should receive an equivalent or even greater sentence than that imposed on the organizer Kang Juntao, as recommended by the government.  That would be failing to distinguish between a pawn and a bishop in the operation.  A below-guideline sentence of one year and one day for Tin would be consistent with the holistic inquiry required under 18 U.S.C. § 3553(a)(6).  As noted above, the average sentence imposed in the six relevant similar cases to Tin's is 15.1 months.  It follows that a sentence of one year and one day for Tin avoids sentencing disparity much better than a guideline sentence of 37 months to 46 months as recommended by the government.

**C.    Tin's "Intended Illegal Conduct in the United States" Was Thwarted by His Arrest and Therefore Does Not Qualify as "Relevant Conduct" Under the Guidelines.**

The government makes much of the "new role" which Tin was to assume in the enterprise when he agreed to travel to the United States in February of 2024.  Government Position, Page 6.  The fact is that Tin's "new role" was thwarted by his arrest on February 25, 2024.  PSR Paragraph 14.  He has been in custody since then.  So there are no "acts and omissions" by Tin in the United States which could qualify as "relevant conduct" under U.S.S.G. § 1B1.3(a).  Tin's trip to the United States in February of 2024 thus has no relevance to the guideline calculation.  The

only relevance would be to his future danger, which factor is addressed above.

### D. The Government Does Not Dispute the Probation Officer's Conclusion That There is No Impact on Any Victim Attributable to Tin.

There is no victim impact in this case. PSR Paragraph 18. The government does not dispute that. And Appendix II species are not presently threatened with extinction. The government by law cannot dispute that. There is no monetary loss attributable to Tin. And there are no "acts and omissions" by Tin in the United Stated which qualify as relevant conduct. These are mitigating facts and circumstances which distinguish Tin's case and support a downward variance from the guideline range recommended by the government.

### E. Tin's "New Role" in the Turtle Smuggling Enterprise, Thwarted by His Arrest in New York, Does Not Foreclose a Mitigating Intermediate Role Adjustment.

Tin has requested a 3-level intermediate mitigating role adjustment under U.S.S.G. § 3B1.2. That is based on his acts and omissions in Hong Kong. He travelled to the United States in February of 2024 "to take on a new role in the turtle smuggling enterprise" according to the government. Government Position, Page 6. But Tin was immediately apprehended at JFK Airport in New York on February 25, 2024. He has been in federal custody since then. So there are no acts and omissions by Tin in the United States which would foreclose or undercut this request for a 3-level mitigating role adjustment based on what he did in Hong Kong. A mitigating role reduction for Tin should be applied.

### F. Tin Has a Negative Net Worth So a $7,200 Fine Should Not be Imposed.

The government recommends a fine of $7,200. That represents funds seized from Tin upon arrest in New York. But there is no forfeiture count included in the indictment. And Tin has a negative net worth. PSR Paragraph 76. Tin has

appointed counsel under the Criminal Justice Act.  And the U.S. Probation Officer has concluded that "a fine is not recommended at this time.  PSR Paragraph 81. On this record a fine should not be imposed.

**3.      CONCLUSION**

This Court's should impose a sentence of one year and one day.  That is enough punishment under the facts and circumstances of this case for a nonviolent first-time offender, who harmed no victim, who did not harm the environment, who caused no monetary loss, who will be deported back to Hong Kong, and who poses no future danger to any person or species.


**DATED:  March 4, 2025**                    **Respectfully submitted,**

**LAW OFFICES OF WM. S. HARRIS**


**By**_____*William S. Harris*_____

**Attorney for Defendant**
**SAI KEUNG TIN**

Wsh\5771\sentencing reply

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Teresa Mac Millan, am a resident of/employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is: 1499 Huntington Drive, Suite 403, South Pasadena, California  91030.

On <u>March 4, 2025</u>, I served the foregoing **SENTENCING REPLY OF DEFENDANT SAI KEUNG TIN** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Ms. Claudia A. Velasquez
U.S. Probation and Pretrial Services Officer
255 East Temple Street, Suite 1410
Los Angeles, CA  90012

☒  (BY MAIL) I caused such envelope with postage thereon fully paid to be placed in the United States mail at South Pasadena, California.

☒  (FEDERAL) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on <u>March 4, 2025</u>                    _____/s/_____
                                                                              Teresa Mac Millan

-8-